# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bobby Lee Sehorn,<br><br>                Petitioner,<br>  vs.<br><br>United States of America,<br><br>                Respondent. | CASE NO. 95cr72 - IEG<br>[08cv1475 - IEG]<br><br>ORDERING DENYING MOTION FOR MODIFICATION OF SENTENCE |

Presently before the Court is petitioner's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). The Court imposed a sentence of 401 months following petitioner's conviction for (1) aiding and abetting the use of a firearm under 18 U.S.C. § 924(c) and (2) robbery, in violation of 18 U.S.C. § 1951. Petitioner claims an amendment to the Sentencing Guidelines requires the Court to reduce his sentence. The government filed an opposition and petitioner filed a reply. For the following reasons, the Court **DENIES** petitioner's motion.

## BACKGROUND

**1.    The Trial**

After a ten day trial and five days of deliberation, the jury convicted petitioner of (1) aiding and abetting a robbery affecting commerce, in violation of 18 U.S.C. § 1951 (the "robbery conviction") and (2) aiding and abetting the use of a firearm in further of a crime in violation of 18 U.S.C. § 924(c) violation (the "section 924(c) conviction"). (Doc. No. 327.)

//

## 2. The Sentencing Hearing

On July 29, 1996, this Court sentenced petitioner to 401 months in custody, however, he was still serving a 121 month sentence for unrelated, federal offenses including bank robbery and use and carrying of a firearm in Los Angeles ("Los Angeles Conviction"). This prior case involved a conviction for violating 18 U.S.C. § 924(c). See United States v. Sehorn, 56 F.3d 75 (Table), 1995 WL 309318 (9th Cir. 1995) (unpublished).

At the sentencing hearing, the Court found a base offense level of 20 for the robbery conviction. (Doc. 646- 4 at 43.) The Court then applied a three-level upward adjustment for the monetary loss involved, a two-level upward adjustment because a victim was restrained, and a four-level upward adjustment for defendant's managerial role. Id. at 43-44. The Court found petitioner did not accept responsibility, therefore the total offense level became 29. With a criminal history score of VI, the guidelines range for the robbery conviction was 151 to 188 months in custody. The Court then relied on U.S.S.G. §5G1.3B, determining petitioner served approximately 27 months in custody in connection with his Los Angeles Conviction, so the Court deducted 27 months from 188 months for a total of 161 months in custody.

The Court then imposed the mandatory 20-year sentence because this was petitioner's second § 924(c) conviction. The Court ordered the 20-year sentence run consecutive to the Los Angeles Conviction and to the present robbery conviction, as mandated by § 924(c).

In sum, the Court imposed (1) 161 months on the robbery conviction to run concurrently with the Los Angeles Conviction and (2) 240 months on the §924(c) conviction to run consecutively to the robbery conviction and the Los Angeles conviction.

## 3. Direct Appeal

On direct appeal, the Ninth Circuit affirmed petitioners conviction and sentence. United States v. Nelson, 137 F.3d 1094 (9th Cir. 1998). The Ninth Circuit affirmed the Court's imposition of a 20-year consecutive sentence on the section 924(c) violation. The Ninth Circuit also found the Court did not err in the computation of his sentence: "Sehorn also claims error in the computation of his sentence, claiming that § 5G1.3(b) of the Sentencing Guidelines applies to his case. However, the district court plainly did apply § 5G1.3(b), and it did so properly." Id. at 1111 n.12.

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment."

Petitioner relies heavily on Amendment 599 to USSG § 2k2.4, Note 2 and its surrounding commentary. Amendment 599 states in relevant part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underling offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct).

U.S.S.G., Supplement to Appendix C, at 70. The Sentencing Commission provides the following reason for the amendment:

> This amendment expands the commentary in Application Note 2 of §2k2.4 . . . to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses. The amendment directs that no guideline weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the 18 U.S.C. § 924(c) conviction.

Id.

## DISCUSSION

i.  Petitioner's Argument

Petitioner argues the Court should reduce his term of imprisonment, under 18 U.S.C. § 3582(c)(2), because it sentenced him based on a sentencing range the Sentencing Commission subsequently lowered on November 1, 2001 by enacting Amendment 599. After Amendment 599, petitioner argues, Application note 2 of U.S.S.G. §2k2.4 requires "no guideline weapon enhancement should be applied when determining the sentence for the crime of violence, or drug trafficking offense underlying the 18 U.S.C. § 924(c) conviction, or for any conduct with respect to that offense for which the defendant is accountable under USSG § 1B1.3." Petitioner assumes 18 U.S.C. §3582(c)(2) applies because Amendment 599 specifically references 18 U.S.C. § 924(c), the statute under which he was convicted. Therefore, reasons petitioner, the Court sentenced him based on a sentencing range the

1 Sentencing Commission has subsequently lowered.

2 Additionally, petitioner argues the court miscalculated his sentence under U.S.S.G. §5G.1.
3 Finally, petitioner argues the Court should consider his post-conviction rehabilitation pursuant to
4 <u>United States v. Hicks</u>, 472 F.3d 1167 (9th Cir. 2007).

5 <u>ii.    Government's Opposition</u>

6 The government argues 18 U.S.C. §3582(c)(2) is inapplicable because this Court did not
7 sentence defendant based on a sentencing range which the Sentencing Commission subsequently
8 lowered. Amendment 599 only applies to defendants whose sentence the Court calculated under
9 U.S.S.G. §2k2.4. According to the government, the Court calculated defendant's sentence based on
10 U.S.S.G. §2B3.1, not § 2k2.4. Therefore, the government reasons, Amendment 599 is immaterial and
11 18 U.S.C. §3582(c)(2) is inapplicable.

12 The government further argues the issue is foreclosed because the Ninth Circuit already
13 affirmed the Court's imposition the 20-year consecutive sentence in <u>United States v. Nelson</u>, 137 F.3d
14 1094, 1110. The government then argues Sehorn's reliance on U.S.S.G. §5G1.1(b) is without merit
15 because it only applies to situations in which courts must decide between imposing a guideline
16 sentence and a statutorily required sentence for the *same offense*. The government argues Sehorn fails
17 to appreciate the 240-month sentence for the § 924(c) conviction is a separate crime from the robbery
18 conviction.   <u>iii.    Petitioner's Reply</u>

19 In response, petitioner cites U.S.S.G. Appendix A, entitled "Statutory Index." Petitioner seems
20 to argue the fact Appendix A cross references 18 U.S.C. § 924(c) with §2k2.4 somehow indicates
21 Amendment 599 is applicable to the instant case.

22 Next, petitioner argues Amendment 599 to U.S.S.G §2k2.4 requires the Court impose the
23 sentence mandated by 18 U.S.C. § 924(c). According to petitioner, U.S.S.G. §2k2.4 states, "If the
24 defendant, whether or not convicted of another crime, was convicted under 18 U.S.C. § 924(c), the
25 term of imprisonment is that required by statute." (Pet. Reply at 2.) Petitioner argues this language
26 means the Court can only impose one sentence for any and all of his convictions, which must be the
27 minimum sentence provided for in 18 U.S.C. § 924(c). Petitioner cites three cases in support of his
28 argument: <u>United States v. Bazile</u>, 209 F.3d 1205, 1207 (10th Cir. 2000); <u>United States v. Wheeler</u>,

1  230 F.3d 1194, 1196 (10th Cir. 2000); and <u>Stintson v. United States</u>, 508 U.S. 36(1993).

2  <u>iv.</u>     <u>Analysis</u>

3  Amendment 599 did not lower the sentencing range under which the Court sentenced petitioner for the robbery conviction. It was clear before and after Amendment 599, the Court could not impose a firearm enhancement to the robbery conviction. At the time of his conviction, Note 2 stated, "Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use or discharge of an explosive or firearm ... is not to be applied in respect to the guideline for the underlying offense." U.S.S.G. § 2K2.4, cmt. 2 (Nov. 1, 1995 ed.). Amendment 599 clarified this prohibition applies not only to the offense underlying the 18 U.S.C. § 924(c) conviction, but also to any relevant conduct. This clarification had no impact on the sentencing range applied here because petitioner's robbery conviction was the offense underlying the 18 U.S.C. §924(c) conviction, not mere relevant conduct. Therefore, the Amendment did not lower the sentencing range under which the Court sentenced petitioner. Moreover, the Court did not apply the firearm enhancement to the robbery conviction. (Doc. 646-4.) The Court rejects petitioner's motion as procedurally improper under 18 U.S.C. § 3582(c)(2).

Further, petitioner cannot bring his U.S.S.G. §5G.1 argument under 18 U.S.C. § 3582(c)(2). Amendment 599 had no impact on U.S.S.G. §5G.1; therefore it did not substantially lower the guidelines range under which defendant was sentenced.

Finally, Petitioner's post-conviction rehabilitation is admirable and reflects an honest attempt at self-improvement. However, because this Court rejects petitioner's argument and finds he is not subject to resentencing, the Court will not consider post-conviction rehabilitation.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** petitioner's motion for resentencing.

**IT IS SO ORDERED**

DATED: December 2, 2008

_____
IRMA E. GONZALEZ, Chief Judge

1 United States District Court