UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 95cr72 WQH |
| Plaintiff, | **ORDER** |
| v. | |
| BOBBY LEE SEHORN, | |
| Defendant. | |

HAYES, Judge,

The matter before the Court is the motion for modification of sentence under 18 U.S.C. § 3582(c)(1) filed by Defendant. (ECF No. 707).[1]

**Background**

The charges against the Petitioner and his co-defendants resulted from an armed jewelry store robbery in San Diego, California on July 1, 1992. On April 12, 1996, a jury found Petitioner guilty of Count 1, interference with commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a); and Count 2, aiding and abetting the using and carrying of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

---

[1] Defendant filed a motion for leave to supplement (ECF No. 718). This motion is granted and the Court has considered the supplement.

1

The Presentence Investigation Report calculated the guideline range Under the United States Sentencing Guidelines to be 151-188 months for Count 1. The report stated that Petitioner was subject to a mandatory consecutive term of imprisonment of twenty years on Count 2 under 18 U.S.C. § 924(c)(1) for a second or subsequent conviction under this section. The Presentence Report included in the criminal history the sentence Defendant was currently serving in No. 94-cr-362 (C.D. Cal.) for a Los Angeles bank robbery that occurred on April 20, 1994. On September 6, 1994, Defendant was sentenced in the Los Angeles bank robbery case to 70 months on Count 1 Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (b); and 60 months on Count 3 using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) to be served consecutively with Count 1.

On August 30, 1996, the Court held a sentencing hearing in this case. The Court found sufficient evidence to support the conviction under § 924(c) stating that the 20 year consecutive sentence was applicable because the Defendant had a previous § 924(c) conviction in the Los Angeles robbery case No. 94-cr-362. Defendant objected to the 240 months consecutive sentence on Count 2 on the grounds that the Los Angeles bank robbery occurred on April 20, 1994 after the July 1992 robbery in this case. The Court concluded that the sentence imposed in this case was a second and subsequent sentence to the Los Angeles robbery case and subject to the 240 months consecutive mandatory pursuant to § 924(c)(1). The Court concluded that the mandatory consecutive sentence of 240 months on Count 2 was statutorily mandated by 18 U.S.C. § 924(c)(1) because "there has been a previous conviction of a 924(c)." ECF No. 723-1 at 47.

The Court entered a Judgment sentencing Petitioner to a term of 161 months as to Counts 1, concurrent with Central District of Los Angeles Case No. 94-0362; and 240 months as to Count 2, consecutive to Count 1 and Central District of Los Angeles Case No. 94-0362. (ECF No. 462).

Petitioner filed a timely appeal of his conviction in this case on a number of grounds and the Court of Appeals affirmed Petitioner's conviction. *United States v. Sehorn*, 137

F.3d 1094, 1104 (9th Cir. 1998). On appeal, Defendant challenged the application of the 20-year mandatory sentence on Count 2. The Court of Appeals affirmed the sentence stating:

> The district court sentenced Sehorn to a 20–year mandatory sentence on Count Two, which charged aiding and abetting a firearms crime under 18 U.S.C. § 924(c). This statute provides that "[i]n the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years ..." Because Sehorn was previously convicted under this statute for a Los Angeles robbery, the district court sentenced Sehorn to the mandatory twenty-year sentence.
>
> Sehorn argues that the mandatory twenty-year sentence was not warranted because the Los Angeles robbery occurred after the July 1992 robbery for which appellant was convicted in this case. However, the language of § 924(c) plainly refers to a subsequent conviction, not a subsequent crime. As this court has pointed out: "There is nothing in the simple wording of this statute that requires that an offense underlying a second conviction occur after the conviction for the first offense. The only requirement is that a conviction be second or subsequent, not that any offense underlying that conviction follow a first conviction." *United States v. Neal*, 976 F.2d 601, 602 (9th Cir.1992). *See also Deal v. United States*, 508 U.S. 129, 134, 113 S.Ct. 1993, 1997–98, 124 L.Ed.2d 44 (1993) (noting that the term "second or subsequent conviction" means that "a defendant convicted of a crime committed in 1992, who has previously been convicted of a crime committed in 1993, would receive the enhanced sentence"). Thus, the twenty-year mandatory sentence was proper.

*Id*. at 1111.

Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 which was denied by the district court. (ECF No. 626). On September 20, 2016, the Court of Appeals granted the application to file a second or successive 28 U.S.C. § 2255 motion and transferred Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 to this district court. (ECF No. 676). On February 17, 2017, this Court denied Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 695).

On December 17, 2019, Defendant filed a motion for modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[2] Defendant request that the Court reduce his sentence under the First Step Act for extraordinary and compelling reasons. Defendant asserts that the 401 month sentence was pursuant to the "mandatory stacking provisions of 18 U.S.C. §924(c) which no longer exist." ECF No. 707 at 2. Defendant asserts that the amendments to § 924(c) made in the First Step Act no longer require the 240 months consecutive sentence on Count 2 in his case. Defendant further asserts that the sentencing judge imposed the lengthy sentence because he exercised his right to a jury trial. In addition, Defendant contends that he has complied a remarkable record of rehabilitation showing that he is not a danger to the public, if released.

Plaintiff United States asserts that Defendant has not met the burden of showing that extraordinary and compelling reasons warrant a reduction in his sentence. Plaintiff United States asserts that it is not clear that the First Step revisions in §924(c) would affect Defendant's sentence because Defendant had a final conviction in 94cr362 under §924(c) before he was sentenced in this case. Plaintiff United States further asserts that the record in this case does not support a finding that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). Plaintiff United States asserts that the Defendant was the leader and organizer of a large robbery crew, that took over a jewelry store at gunpoint. Plaintiff United States asserts that the nature and circumstances of this offense were aggravated, and the history and characteristics of the Defendant weigh against release.

**Legal Standard**

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, allows defendants, for the first time, to petition district courts directly for compassionate release. 18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed

---

[2] Defendant states that his current release date is April 16, 2025.

> except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addresses motions for sentence reductions by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) stating:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . . . . (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. The commentary also states that a

defendant's rehabilitation, standing alone, cannot be grounds for a sentence reduction under § 3582(c). U.S.S.G. § 1B1.13 n.3.

The Sentencing Guideline provisions were not amended after the enactment of the First Step Act and apply only to a motion for sentence reduction by the Director of the Board of Prisons. This Court takes these sentencing guideline provisions into account in determining whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission. However, the Court finds that these provisions are not a limitation upon the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

**Ruling of the Court**

As a part of the First Step Act of 2018, Congress limited the consecutive stacking previously required for violations of § 924(c). 18 U.S.C. § 924(c)(1)(A) provides in relevant part,

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
> (i)     be sentenced to a term of imprisonment of not less than 5 years;

18 U.S.C. § 924(c)(1)(A)(i). Before the First Step Act, an additional § 924(c) count required the district court to impose a consecutive twenty-five years in prison, even in cases in which the gun possession occurred during the same course of conduct as the original count. 18 U.S.C. § 924(c)(1)(C)(i) (2012). The First Step Act limited the application of the enhanced penalty, providing that the higher penalty for a second or subsequent count

of conviction under section 924(c) is triggered only "after a prior conviction under this subsection has become final." 18 U.S.C. § 924(c)(1)(C) (2018).

In this case, the record demonstrates that the Defendant's conviction for the first § 924(c) offense in 94cr362 was final at the time he was sentenced on this case. Defendant entered a plea of guilty in 94cr362 in the Central District of California to armed bank robbery and conspiracy to commit armed bank robbery in violation of 18 U.S.C. §§ 371 and 2113(a) and (d). Defendant was subsequently convicted by jury of use of a firearm during and relation to a crime of violence in violation of 18 U.S.C. § 924(c). Judgment in 94cr362 was entered on September 6, 1994 imposing a sentence of 70 months on Count 1 Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (b); and 60 months on Count 3 using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) to be served consecutively with Count 1. Defendant filed an appeal and the Court of Appeals affirmed the conviction and sentence on May 19, 1995. *United States v. Sehorn*, 56 F.3d 75 (9th Cir. 1995).

On July 31, 1996, the Court entered judgment in this case imposing a sentence of 240 months on 18 U.S.C. § 924(c) in Count 2 consecutive to 161 months on 18 U.S.C. §1915(a) on Count 1. At the time of sentencing in this case, the judgment on Defendant's first § 924(c) conviction in 94cr362 was final. The Court concluded that the mandatory consecutive sentence of 240 months on Count 2 was statutorily mandated by 18 U.S.C. § 924(c)(1) because "there has been a previous conviction of a 924(c)." ECF No. 723-1 at 47. The amendment to §924(c)(1)(C) in the First Step Act providing that the higher penalty for a second or subsequent count of conviction under section 924(c) is triggered only "after a prior conviction under this subsection has become final" does not have an effect on this Defendant's sentence. Because Defendant had a prior conviction under this subsection that had become final, 18 U.S.C. §924(c)(1)(C) (2018) would continue to require the mandatory consecutive sentence of 240 months on Count 2 as applied in this case. The Court finds that the amendments to the First Step Act do not provide extraordinary and compelling reasons under § 3582(c)(1)(A) to reduce this Defendant's sentence. The Court finds that

1  there are no extraordinary and compelling reasons under § 3582(c)(1)(A) to reduce this
2  Defendant's sentence.
3     IT IS HEREBY ORDERED that the motion for modification of sentence under 18
4  U.S.C. § 3582(c)(1) (ECF No. 707) is denied.
5  Dated: June 8, 2020

*[signature: William Q. Hayes]*
Hon. William Q. Hayes
United States District Court