# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BOBBY LEE SEHORN,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 95cr72 WQH<br><br>**ORDER** |

HAYES, Judge,

The matter before the Court is the motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act (ECF No. 756) filed by the Defendant.

## FACTS

The charges against the Petitioner resulted from an armed jewelry store robbery in San Diego, California on July 11, 1992. Defendant was arrested and charged with Hobbs Act robbery in violation of 18 U.S.C. § 1951, and using the firearm during the robbery offense, in violation of 18 U.S.C. § 924(c).

Before sentencing in this case, Defendant committed another bank robbery in Pasadena, California. Defendant took nearly $10,000 from the bank while an associate was armed with a handgun. Defendant was apprehended after a high-speed chase through downtown Los Angeles and, subsequently, convicted of committing a bank robbery in

violation of 18 U.S.C. § 2113(a) and (d), as well as using a firearm during that offense, in violation of 18 U.S.C. § 924(c). On September 6, 1994, Defendant was sentenced in the Central District of California in No. 94-cr-362 to 70 months, followed by a consecutive 60 months for the § 924(c) offense.

On April 12, 1996, the jury in this case found Defendant guilty of Count 1, interference with commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a); and Count 2, aiding and abetting the using and carrying of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. Subsequently, the Presentence Investigation Report calculated the guideline range under the United States Sentencing Guidelines to be 151-188 months for Count 1. The report stated that Defendant was subject to a mandatory consecutive term of imprisonment of twenty years on Count 2 under 18 U.S.C. § 924(c)(1) for a second or subsequent conviction under this section.

On August 30, 1996, the Court held a sentencing hearing. The Court found sufficient evidence to support the conviction under § 924(c) stating that the 20 year consecutive sentence was applicable because the Defendant had a previous § 924(c) conviction in the Los Angeles robbery case No. 94-cr-362. Defendant objected to the 240 months consecutive sentence on Count 2 on the grounds that the Los Angeles bank robbery occurred on April 20, 1994 after the July 1992 robbery in this case. The Court concluded that the sentence imposed in this case was a second and subsequent sentence to the Los Angeles robbery case and subject to the 240 months consecutive mandatory pursuant to § 924(c)(1). The Court concluded that the mandatory consecutive sentence of 240 months on Count 2 was statutorily mandated by 18 U.S.C. § 924(c)(1) because there has been a previous conviction of a 924(c) offense.

The Court entered a Judgment sentencing Defendant to a term of 161 months as to Counts 1, concurrent with Central District of Los Angeles Case No. 94-0362; and 240 months as to Count 2, consecutive to Count 1 and the Central District of Los Angeles Case No. 94-0362. (ECF No. 462).

Defendant appealed his conviction, which the Ninth Circuit affirmed. *United States v. Sehorn*, 137 F.3d 1094 (9th Cir. 1998). Defendant has filed numerous petitions for release which have been denied. In 2002, Defendant filed a pro se habeas petition under 2255 challenging his conviction. ECF No. 610. The Court denied the petition on December 16, 2002. ECF No. 626. Defendant filed another pro se brief, seeking alter or amend judgment, which the Court denied. ECF No. 632. Defendant filed a pro se motion to reduce or amend his sentence. ECF No. 638. The Court denied that motion on December 2, 2008. ECF No. 648. In 2016, Defendant filed a second 2255 petition, asserting that after *Johnson v. United States*, 599 U.S. 133 (2010), Hobbs Act Robbery was no longer a "crime of violence." ECF No. 670. After briefing from both sides, the Court denied Defendant's motion. ECF No. 695. Defendant filed an appeal to the Ninth Circuit, which the parties are currently briefing following an extended stay. In December 2019, Defendant filed a motion for compassionate release based on changes to the "stacking" provisions of 924(c) in the First Step Act. This Court denied this motion on June 9, 2020. ECF No. 745.

Defendant has now served approximately 316 months of his 401 month sentence. Defendant is currently incarcerated at FCI Victorville and scheduled to be released on August 19, 2024. The Bureau of Prisons chronological disciplinary record for Defendant beginning December 2, 1994 through March 6, 2018 indicates nine incidents with sanctions of loss of privileges, including violent threats to staff, disruptive conduct, and fighting with another person. ECF No. 758-1. Medical records show that Defendant has received treatment for hypertension and heart disease.

On October 8, 2020, Defendant filed a motion for release under 18 U.S.C. §3582(c)(1)(A) requesting that this Court order his immediate release from prison. Defendant asserts that the COVID-19 outbreak presents an extraordinary and compelling circumstance warranting his compassionate release in light of his medical conditions and the uncontrolled spread of the corona virus throughout the federal prison system and within FCI Victorville.

Plaintiff United States contends that Defendant has failed to present any extraordinary and compelling reasons warranting a sentence reduction. Plaintiff United States further asserts that 18 U.S.C. §3553(a) factors weigh against Defendant's release based upon his violent criminal history, the seriousness of his offense, and his continued violation of prison rules.

## RULING OF THE COURT

18 U.S.C. § 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).[1]

---

[1] Plaintiff United States agrees that Defendant has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1.  Application Note 1 § 1B1.13 provides for the following extraordinary and compelling reason:

> (A) Medical Condition of the Defendant.--
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is--
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Application Note 1 § 1B1.13. The Sentencing Guideline provisions were not amended after the enactment of the First Step Act and apply only to a motion for sentence reduction by the Director of the Bureau of Prisons. This Court takes these sentencing guideline provisions into account in determining whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission. However, the Court finds that these provisions are not a limitation upon the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant was sentenced to 401 months in the custody of the Bureau of Prisons after a jury found him guilty of aiding and abetting interference with commerce by robbery in Count 1 and aiding and abetting use and carrying a firearm during the commission of a crime of violence in Count 2. The sentence of 240 months in Count 2 was a mandatory sentence because it was the second and subsequent § 924(c) conviction. At the time of sentencing, Defendant was a Criminal History Category VI based upon 19 prior convictions, including multiple burglary convictions, and armed bank robbery. Applying the factors under 18 U.S.C. § 3553(a), the Court concluded that Defendant's participation in this serious offense and his serious criminal history supported the imposition of the 401 months sentence. During his incarceration, Defendant has been charged with 9 disciplinary violations, including threatening bodily harm to a staff member, disruptive conduct, and fighting with another person. The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed.

Defendant does not present evidence to support a medical condition that would serve as "extraordinary and compelling reasons" for his release. 18 U.S.C. § 3582(c)(1)(A)(i). Chronic conditions, such as hypertension and heart disease, that can be managed in prison are not a sufficient basis for compassionate release. The record shows Bureau of Prisons has modified operational plans to address the risk of COVID-19 transmission at FCI Victorville.

     Defendant has failed to demonstrate factors set forth in 18 U.S.C. § 3553(a) that would support a reduction in the sentence imposed taking into account the Defendant's criminal history, the seriousness of his offense, and Defendant's continued violent behavior during his custody.  The Court concludes that the history and characteristics of the Defendant and the need to protect the public continue to support the sentence imposed. The Court finds that there is no evidence in this record to support a finding that "extraordinary and compelling reasons" warrant a reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

     IT IS HEREBY ORDERED that the motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act (ECF No. 756) is denied.

Dated:  December 14, 2020

*[signature]*
Hon. William Q. Hayes
United States District Court